924 F.2d 480
 In re CHATEAUGAY CORPORATION, Roemar, Inc., The LTV
Corporation, et al., Debtors.
The LTV CORPORATION and LTV Steel Company, Inc., Plaintiffs-Appellees,
v.
David H. MILLER and William W. Shaffer, Defendants-Appellants.
 No. 441, Docket 90-5014.
 United States Court of Appeals,
Second Circuit.
 Argued Oct. 22, 1990.
Decided Feb. 1, 1991.
 
 Kenneth R. Bruce, Pittsburgh, Pa. (R.A. King, Buchanan Ingersoll, Pittsburgh, Pa., Stuart Cotton, Mound Cotton & Wollan, New York City, of counsel), for defendants-appellants.
 Karen E. Wagner, New York City (Davis Polk & Wardwell, New York City, Michael J. Crames, Kaye, Scholer, Fierman, Hays & Handler, New York City, of counsel), for plaintiffs-appellees.
 Before MESKILL and ALTIMARI, Circuit Judges, and CONNER,* District Judge.
 PER CURIAM:
 
 
 1
 This is an appeal from an order of the United States District Court for the Southern District of New York, Sweet, J., entered on January 25, 1990. 109 B.R. 613 (S.D.N.Y.1990). The order affirmed (1) an order and judgment of the United States Bankruptcy Court for the Southern District of New York, Lifland, C.J., enjoining, pursuant to 11 U.S.C. Sec. 105, prosecution of appellants' lawsuit in the United States District Court for the Western District of Pennsylvania, and (2) an order of the United States District Court for the Southern District of New York, Sand, J., denying appellants' motion for mandatory withdrawal of the reference of the bankruptcy court proceeding under 28 U.S.C. Sec. 157(d).
 
 
 2
 For the reasons that follow, we dismiss the appeal without prejudice to its being reinstated and remand the action to the bankruptcy court for a clarification of the injunction.
 
 
 3
 The injunction at issue is now entering its fourth year. Entered by the bankruptcy court, Lifland, C.J., at the behest of The LTV Corporation and LTV Steel Company, Inc. (collectively "LTV") on December 8, 1987, the injunction has prohibited appellants, David H. Miller and William W. Shaffer (Miller and Shaffer), from prosecuting a lawsuit in the United States District Court for the Western District of Pennsylvania. That lawsuit sought (1) to prevent voluntary termination of the Jones & Laughlin Retirement Plan (J & L Plan), and (2) to compel both contributions to the J & L Plan and payment of full benefits from the J & L Plan to participants. Named as defendants in the Miller and Shaffer lawsuit were the J & L Plan and four non-debtor wholly owned subsidiaries of the LTV Steel Company, Inc.
 
 
 4
 The bankruptcy court specifically enjoined Miller and Shaffer
 
 
 5
 from continuing to prosecute the Miller lawsuit subject to an application for dissolution of the injunction following the expiration of ninety days subsequent to a final determination of the Jones & Laughlin Retirement Plan termination and restoration issues as represented by or the subject matter of pending litigation in the District Court for the Southern District of New York as described in the accompanying Findings of Fact and Conclusion of Law.
 
 
 6
 The injunction, in other words, authorized Miller and Shaffer to apply for dissolution ninety days after a "final determination" of the J & L Plan termination and restoration issues. The "final determination" to which the injunction referred arguably took place on June 18, 1990, when the Supreme Court held, among other things, that the Pension Benefit Guaranty Corporation (PBGC) had validly restored the J & L Plan. Pension Benefit Guaranty Corp. v. LTV Corp., --- U.S. ----, 110 S.Ct. 2668, 110 L.Ed.2d 579 (1990) (PBGC ). In view of the language of the injunction and the Supreme Court's recent decision, we must as a threshold matter consider whether to reach the merits of this appeal.
 
 
 7
 Neither party specifically addressed in its appellate briefs the effect of the Supreme Court's decision in PBGC on the continuing viability of the appeal.[1] The issue was first raised by members of this panel at oral argument. In response to a question asked by one of the panel members, Miller and Shaffer conceded that the scope of the injunction was unclear. Referring to the relevant language concerning the scope of the injunction, Miller and Shaffer acknowledged during oral argument that "we are not even certain what that means." We remained troubled by the ambiguity of the injunction's scope and so requested letter briefs addressed to the question whether we should "dismiss this appeal in order to permit Miller and Shaffer to seek from the bankruptcy court a dissolution of the injunction that is the subject of this appeal."
 
 
 8
 In their letter briefs, both sides argued that we should not dismiss the appeal, albeit for different reasons. Miller and Shaffer construed the critical words of the injunction, "final determination," in the following manner. They argued that a final determination of the termination and restoration issues turned not on the date the Supreme Court entered its decision in PBGC but on the date the district court entered its judgment on remand of the action. The United States District Court for the Southern District of New York, Sweet, J., filed an opinion on that remand of the action from the Supreme Court on December 4, 1990, which was followed by an entry of judgment on December 18, 1990. Among other things, the district court held that the PBGC had properly restored administration of the J & L Plan to LTV. PBGC v. LTV Corp., 122 B.R. 863 (S.D.N.Y.1990). In their letter brief, Miller and Shaffer also contended that the triggering date for the ninety day period must await "the time in which LTV has the right to appeal." Only after LTV has had an opportunity to appeal from the district court's judgment on remand, argued Miller and Shaffer, should the running of the ninety day period be triggered.
 
 
 9
 LTV construed the injunction more broadly. It maintained that the injunction does not allow Miller and Shaffer to seek dissolution until ninety days after the "status" of the J & L Plan has been finally determined. This status determination apparently refers to issues left undecided by the Supreme Court's decision and the district court's judgment in PBGC. LTV claimed in its letter brief that the resolution of the termination and restoration issues, as represented either by the Supreme Court's decision or the district court's subsequent judgment on remand, did "not 'finally determine' the status of the J & L Plan."
 
 
 10
 There are two reasons why we decline to reach the merits of this appeal on the current record. First, the parties themselves disagree on what must be finally determined in order to trigger the ninety day period. LTV claims that even after the district court entered judgment in the PBGC case on remand, that judgment did not finally determine the status of the J & L Plan. This view suggests a broad reading of the injunction, one extending its reach to issues not addressed in the Supreme Court's decision concerning PBGC's restoration of the J & L Plan. Miller and Shaffer, on the other hand, interpret the injunction more narrowly. They argue that a final determination will take place after LTV either fails to appeal from the district court's entry of judgment in the remand of the PBGC case or has its appeal decided. This material disagreement about the scope of the injunction counsels against our reviewing the merits of the appeal.
 
 
 11
 Second, the scope of the injunction remains unclear in another respect. Regardless of what must be finally determined as to the termination and restoration issues, we still do not know when that "final determination" occurred for purposes of triggering the ninety day period. If, for instance, the scope of the injunction should turn on the issues raised in the PBGC action, as Miller and Shaffer submit, it remains unclear when the ninety day period should commence. Was it June 18, 1990, when the Supreme Court decided that the PBGC validly restored the J & L Plan? Was it December 18, 1990, when the district court entered judgment on remand consistent with the Supreme Court's decision? Or is it some future date, after which LTV has either appealed or abandoned its opportunity to appeal the district court's judgment?
 
 
 12
 Our reading of the injunction and the accompanying findings of fact and conclusion of law leads us to conclude that the final determination occurred when the Supreme Court held that the PBGC had validly restored the J & L Plan. We recognize though that Miller and Shaffer's interpretation of when the ninety day period commences is not an implausible one. This uncertainty, together with the ambiguity concerning what must be finally determined, caution us not to reach the merits of this appeal. At least one construction of the injunction would render this appeal effectively moot, more than ninety days having transpired since the Supreme Court's decision in June 1990. Moreover, we are reluctant to decide whether or not to place our imprimatur on an injunction when the scope of that injunction remains unclear. Prudence beckons us instead to remand the case to the bankruptcy court for clarification of (1) what must be finally determined before Miller and Shaffer may seek dissolution of the injunction, and (2) when a "final determination" occurs for purposes of triggering the ninety day period.
 
 
 13
 We accordingly dismiss this appeal without prejudice and remand the case to the bankruptcy court for a clarification of the injunction. After the bankruptcy court has clarified the scope of the injunction, Miller and Shaffer may reinstate this appeal if the relevant ninety day period has not yet transpired. If, however, that ninety day period has already passed, Miller and Shaffer first must seek their requested relief in the bankruptcy court.
 
 
 
 *
 Honorable William C. Conner, United States District Judge for the Southern District of New York, sitting by designation
 
 
 [1]
 It should be noted that the appeal of the injunction to the district court lay dormant until October 1989. At that time the district court, sua sponte, sought to determine the status of the appeal, after which the parties argued the appeal and the district court thereafter entered its decision